IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATT R. EGLER,

                Plaintiff,                Case No. 3:13 CV 953

    -vs-

                                          MEMORANDUM OPINION
WOOLACE ELECTRIC CORP., et al.,         AND ORDER

                Defendant.

KATZ, J.

       This is a putative collective action for unpaid overtime wages, which was filed in this Court by Plaintiffs Matthew Egler and the International Brotherhood of Electrical Workers Local Union Number 8. Defendants are Woolace Electric Corp. and several of Woolace's officers and managers (collectively, "Woolace," or "Defendants"). Currently pending is Defendants' request that this Court abstain from ruling on Plaintiffs' motion for conditional FLSA class certification, or alternatively, that the Court extend Defendants' window for responding to the motion until after the Williams County Ohio Court of Common Pleas rules on a state law contract issue that is pending in a similar overtime wage lawsuit Plaintiffs brought against Defendants in that Court. Also pending is Defendants' motion to dismiss Local 8 as an improper party.

       For the reasons that follow, Defendants' motion to stay or extend is granted, and Defendants' motion to dismiss Local 8 as an improper party is denied as moot.

**I. Background**

       At all times relevant, Plaintiff Matthew Egler was an hourly employee of Defendant Woolace Electric Corp. Woolace is not a unionized shop, and Egler is not a member of any union.

       On April 26, 2013, Egler brought the instant collective action against Woolace, alleging overtime wage violations of FLSA and the Ohio Minimum Fair Wage Standards Act ("OMWA").

Shortly thereafter, on May 7, 2013, Local 8 used the same counsel to file a lawsuit in the Williams County Ohio Court of Common Pleas. Local 8's lawsuit claims that Egler assigned to it all rights arising out of his employment with Woolace. Accordingly, Local 8 purports to assert Egler's rights against Woolace by making several OMWA overtime wage claims in the Williams County Court, similar to those filed in this Court.

After Woolace filed several motions in both cases, Egler added Local 8 as a party plaintiff in this Court's case, but dropped the OMWA claims from the complaint. Similarly, Local 8 added Egler as a party plaintiff in the Williams County case and amended the complaint to add certain OMWA class allegations. In sum, the complaint pending in this Court now names both Egler and Local 8 as Plaintiffs and asserts Egler's FLSA collective action claims against Woolace for unpaid overtime wages. At the same time, by and through the same counsel, and pursuant to the same facts, the complaint pending in Williams County names Egler and Local 8 as Plaintiffs and asserts Egler's OMWA class claims against Woolace for unpaid overtime wages.

In the instant matter, Plaintiffs have filed a motion for conditional FLSA class certification. Instead of filing an opposition, Defendants moved this Court to temporarily abstain from ruling on the motion pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), or alternatively, to extend Defendants' window for responding to the motion until such time as the State Court rules on the enforceability of Egler's assignment of rights to Local 8. Defendants have filed a motion in the State case asking that Court to declare the assignment unenforceable on grounds that it violates Ohio's prohibition against "maintenance." *See Rancman v. Interim Settlement Funding Corp.*, 789 N.E.2d 217, 219 (Ohio 2003) (defining maintenance as "assistance to a litigant in pursuing or defending a lawsuit provided by someone

2

who does not have a bona fide interest in the case."). Defendants contend that this Court should delay its class certification ruling because the State Court's maintenance ruling will clarify whether Egler or Local 8 is the proper Plaintiff, and will also help minimize duplicative litigation. In the event that this Court does not delay its class certification ruling under *Colorado River*, Defendants ask this Court to dismiss Local 8 as an improper party on grounds that Egler's assignment agreement constitutes maintenance (the same argument currently pending before the State Court), and on grounds that the FLSA prohibits "Representative Actions."

## II. Discussion

Defendants first move this Court to temporarily abstain from deciding Plaintiffs' motion for conditional class certification, citing the *Colorado River* abstention doctrine. *See generally Colorado River*, *supra*, 424 U.S. 800; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8 (establishing list of *Colorado River* factors). Under the *Colorado River* doctrine, federal courts may, in extraordinary circumstances, abstain from a case where the exercise of federal jurisdiction would unnecessarily create duplicative federal–state litigation and would act contrary to considerations of judicial economy, comprehensive disposition of cases and federal–state comity. *See Colorado River*, 424 U.S. at 813, 817; *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (explaining *Colorado River* abstention).

Here, the Court will not engage in a *Colorado River* analysis because Defendants have failed to demonstrate that the *Colorado River* doctrine contemplates the type of temporary stay requested. Case law suggests that the relief afforded by *Colorado River* consists either of a complete dismissal or a stay pending final disposition of the state court proceeding. *See* 17A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4247 (3d ed. 2013)

3

("[*Colorado River* abstention] is not like Pullman-type abstention, where it is expressly contemplated that the case may return to federal court for resolution of the federal issues after the state questions have been decided."); *Humbles v. City of Paducah*, No. 86-5398, 1987 WL 36824, at *2 (Mar. 20, 1987) (citing *id.*). Defendants have not offered any cases wherein a federal court *temporarily* stayed a matter pending a non-dispositive State Court ruling, only to re-open the matter for litigation alongside the continuing State Court case.[1]

Though the Court declines to abstain under *Colorado River*, Defendants' request for delay is well-taken. The pendency of Defendants' motion to dismiss Local 8 as an improper party means that, absent a stay, this Court must decide whether Egler's assignment of rights violates Ohio's prohibition against "maintenance." The question of maintenance is a state contract law issue that has already been fully briefed to the State Court, and to take-up the matter here would threaten principles of judicial economy and federal–state comity. Therefore, this Court will exercise its inherent authority to stay this case pending the State Court's ruling on the assignment agreement's enforceability. *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citations omitted) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, at *1 (S.D. Ohio Aug. 14, 2012) (noting district court's broad discretion to stay proceedings pending resolution of independent proceedings that bear on the case at hand).

Defendants' motion to dismiss Local 8 as an improper party is denied as moot.

## III. Conclusion

---

[1] The Court expresses no opinion as to the potential results of a *Colorado River* analysis. The Court merely declines to undertake such an analysis given the apparent incongruity between the doctrine and Defendants' requested relief.

For the reasons stated herein, Defendants' motion for stay or extension is granted. (Doc. 11). This Court reserves ruling on Plaintiffs' motion for conditional class certification, (Doc. 9), and the case is hereby stayed pending the State Court's ruling as to the enforceability of Egler's putative assignment agreement. (*See* Doc. 11-3 (Defendants' State Court motion challenging enforceability of assignment agreement)). The parties shall notify this Court of the State Court's ruling within seven days thereof, and Defendants shall respond to Plaintiffs' motion for conditional class certification within thirty days of the State Court's ruling.

Defendants' motion to dismiss Local 8 as an improper party is denied as moot. (Doc. 16).

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE